## SUPREME COURT.

WILLIAM J. SHERWOOD agt. JACOB J. BARTON, JAMES FRANCE
and JEREMIAH S. LANE.

Where a promissory note is given by a partnership firm to *one of the members of the firm* for money advanced to the firm, the transfer of the note by the payee, *after maturity*, does not prevent the *bona fide* holder for value from recovering thereon against the firm; although it may be subject to any *off-set* the firm may have.

*New York General Term, March,* 1862.

THIS action was commenced on the 9th day of August, 1859, by the plaintiff, to recover the amount of a promissory note, dated June 1, 1857, made by the defendants as copartners, in their firm name of Barton, France & Co., for two thousand dollars and interest, payable eleven months after date, to the order of Jeremiah S. Lane, one of the makers.

The answer of the defendants, Barton & France, was served on the plaintiff's attorney, September 16, 1859.

The reply was served on defendants' attorneys on September 19, 1859.

The defendant, Lane, did not appear in the action.

On the 6th day of June, 1860, the cause was referred to Hamilton W. Robinson, Esq., as sole referee, to hear and determine the issue therein.

On the 20th day of June, 1860, the parties appeared before said referee, attended by their respective counsel and proceeded with the reference.

At the conclusion of the trial the referee made his report as follows:

To the justices of the supreme court : In pursuance of an order made in the above entitled action, by which it was referred to me to hear and determine the same, I do report :

That I have been attended by the counsel for the plain-

tiff and defendants, Barton & France, and having heard the proofs offered by them, do find as matters of fact:

That at the time of making the promissory note in the complaint mentioned, the defendants were copartners together, doing business under the firm name of Barton, France & Company, and were each entitled to share equally in the losses and profits.

That said note was made and executed by said firm to the said Jeremiah S. Lane, one of said defendants, for money advanced by him to said firm, of which he was a member.

That said firm was dissolved on or about the eighth day of June, 1859, and said note subsequently, in July or August, 1859, and after it had matured, was indorsed and transferred by said Lane to the plaintiff, who is the owner of all the interest said Lane then had therein.

That at the time of such transfer the affairs of said copartnership had not been, nor have they since been, adjusted or settled, and the amount of credit to which said Lane was entitled by reason of the advance to his said firm of the amount represented by said note constituted only one of numerous items of debt and credit remaining to be adjusted and settled upon an accounting with his copartners in respect to the affairs of said copartnership, and there are assets thereof which still remain uncollected and undisposed of.

And I do further find as matter of law, that the plaintiff cannot recover the amount of said promissory note, or any part thereof, from the defendants, Barton & France, or either of them, and that the complaint ought to be dismissed as against them, and I do order accordingly. All which is respectfully submitted.     H. W. ROBINSON, *Referee.*

New York, March 8, 1861.

The plaintiff excepted to the final decision and findings of the referee in this case upon matters of fact as follows:

*First.*—The plaintiff excepts to the decision and finding

of the referee as matter of fact, that the promissory note upon which this action was brought, was executed by the firm of Barton, France & Co., for money advanced by Lane to said firm.

*Second.*—The plaintiff excepts to the decision and finding of the referee as matter of fact, that the amount of credit to which Lane was entitled by reason of the advance by him to said firm of Barton, France & Co., represented by said note, constituted only one of numerous items of debit and credit remaining to be adjusted upon an accounting in respect to the affairs of the copartnership.

*Third.*—Plaintiff excepts to the finding of the referee as matter of fact, that there were assets of said copartnership which still remain uncollected and undisposed of.

The plaintiff excepts to the finding of law by the referee, as follows:

*First.*—The plaintiff excepts to the decision and finding of law by said referee, that the plaintiff cannot recover the amount of said promissory note, or any part thereof, from the defendants, Barton & France, or either of them.

*Second.*—The plaintiff excepts to the finding of law by said referee, that the complaint in this action be dismissed as against defendants, Barton & France.

*Third.*—The plaintiff excepts to the decision of law by the referee, that the plaintiff is a mere assignee of the note, and stands in no better position than Lane, the payee, and also excepts to the decision that the action is to be regarded as if brought by Lane, and that it is a defence that Lane was a partner of Barton & France, and was bound to contribute, and that the affairs of the partnership was unsettled, and that the note was given by the firm in the course of the firm business.

*Fourth.*—The plaintiff excepts to the decision of the referee, that the offset set up in the answer should be allowed, and that the note was mere evidence of a credit on the partnership books to its amount.

*Fifth.*—The plaintiff excepts to the decision of the referee, that no adjustment of the rights of the parties can be had in this suit, and the plaintiff excepts to each and every of the findings of law by said referee.

April 26, 1861.    D. G. WILD, *Pltff's Att'y.*

The following opinion was given by the referee :

This action was commenced in August, 1859, against the defendants, as joint-makers of a promissory note for $2,000, dated June 1, 1857, payable to the order of Jeremiah S. Lane, one of the defendants, and by him indorsed and transferred to the plaintiff about the time the suit was instituted.

The note in question was signed in the name of Barton, France & Co., under which style the defendants then transacted business as copartners, and continued to do so till the 8th day of June, 1859, when the copartnership was dissolved. The note was given to Lane by his firm for money he had paid into the concern, and was indorsed and transferred by him to the plaintiff after the dissolution, and about the time of the commencement of the action, in exchange for plaintiff's note, for an equal amount. The defendants, Barton & France, defend this suit, claiming that no action can be maintained against them by the plaintiff, because he took the note from Lane long after its maturity, and while it existed as a mere memorandum between the partners of a debt due to Lane from the firm to which he was bound to contribute, and if otherwise, that it was liable to a set-off to the amount with which Lane stood charged on the books of the firm, or to equitable set-off for such amount as he should be found to be otherwise indebted to his copartners upon a final accounting in respect to the copartnership business. It is a well established principle of law, that one partner cannot sue his co-partners for labor performed, or money expended for the co-partnership, or upon any contract he may have personally entered into with his firm, because he is bound,

jointly with the others, to contribute towards the discharge of all the common obligations of the firm. (*Story on Part.*, *p.* 221.) He cannot be both plaintiff and defendant to the record in the same action, and his only remedy for a recovery of what is due him is by a bill in equity for an accounting as to the partnership transactions and adjustments of the respective claims and debts of all the partners. This rule is not one of mere convenience, but is based upon the rights of the partners in the partnership, since, notwithstanding any advances or contributions one may have made for the firm beyond his proportion, he has no claim directly against his co-partners, in respect to any particular transactions, nor until all just allowances have been made also to them, and a balance established in his favor, for which he must first look to the joint-stock for his reimbursement, and can only have judgment over against his partners for their contributive share of his losses when that fund has been exhausted.

While the rights and remedies of co-partners as between each other are thus limited and defined, it is equally clear that the assignee of the claims of one of the partners upon his firm upon any contract or obligation of the firm is, at best, substituted to the rights of his assignor, and takes subject to all defences, legal or equitable, that exists against his demand. A promissory note or bill of exchange drawn or accepted by the firm in favor of one of the partners, does not, however, for that reason, lose the negotiable character that such instruments possess under the law merchant, and a *bona fide* holder for value, without notice of any other defect or even with notice that all the co-partners had not assented to the giving of the note where it was given in the business of the firm and for value, is entitled to recover against the firm upon any such negotiable instrument where he has received it before maturity. *Smith* agt. *Lusher*, 5 *Cow.* 688.)

But a person receiving from a partner a promissory note

of his firm, after it had matured, acquires no such rights. He is a mere assignee, and stands in no better condition than did the partner from whom he received it, and the instrument is liable to all the defences that would exist against it in an action brought upon it by such partner.

Applying these principles to the present case, the defendants, Barton & France, have a right to regard this action in the same respect as if brought against them by the defendant Lane. To such a claim it would be a perfect defence, as proven in this case, that he was their partner, and that the note had been given him by their firm in course of their business; that it was a debt to which he was bound to contribute, and that the affairs of the copartnership were unsettled.

These facts are equally a defence to the present action.

The plaintiff's counsel refers to a number of cases in which attempts to establish an equitable set-off or defence to notes or bills have been successfully resisted and over-ruled, because there no connection existed between the transactions or demands. (*See Keep* agt. *Lord*, 2 *Duer*, 78, *and cases cited; Cummings* agt. *Morris*, 2 *Bos.*, 560; 3 *Kent's Com.*, 9th ed., 120, *and cases cited in note; Schermerhorn* agt. *Anderson*, 2 *Barb. S. C.*, 584.) But no such objection exists to the present defence; the note in suit was given with reference to the copartnership transactions, and was held by the defendant Lane at the time he transferred it to the plaintiff, as a mere evidence of his being entitled to a credit to its amount in the copartnership books. It formed but a part of those transactions, and was not entitled to any higher consideration than any other separate credit given by any other of the copartners to the firm. There must be a settlement and adjustment of the claims of each copartner against the firm in the manner prescribed by the well established rules of law, before it can be definitely determined what were the rights of either partner in the copartnership assets or against

his respective copartners. In that proceeding he would only be entitled to a several and not a joint judgment against his copartners, according to his rights as to each separately. No such adjustment of the rights of the parties to these transactions can be made in this suit, and its claims are inconsistent with any relief that could be rightfully accorded to the plaintiff or his assignor.

For these reasons, I am of the opinion that this suit cannot be maintained against the defendants Barton & France, and that the complaint should be dismissed as against them.

From the judgment entered on the report of the referee, the plaintiff appealed to the general term.

D. G. WILD, *attorney, and*
SIDNEY S. HARRIS, *counsel for plaintiff.*

1. The plaintiff was entitled to recover on the note in suit against all the defendants:

I. The note was, before it was transferred, valid within the statute of Anne. (1 *R. L.*, 151, *R. S.*; 1 *R. S.*, 769; 3 *Hill*, 112; *Smith* agt. *Lusher*, 5 *Cowen*, 688.)

It was not payable out of a particular fund, nor on a contingency. (*Smith* agt. *Lusher*, 5 *Cow.*, 693 *and* 709.)

II. After it was indorsed it was a perfect note within the statute, and was in form and effect the same as an inland bill of exchange. (*Smith* agt. *Lusher*, 5 *Cow.*, 693 *and* 709, *and cases there cited.*)

This is conceded by the referee in his opinion, folio 87 of case.

III. The answer concedes the validity of the note, and contains only two defences: 1. That the plaintiff is not the party in interest; 2. An off-set. It is too late for the defendants to say there can be no recovery on the note.

IV. The decision of the referee was based solely on two grounds:

*First.* That Lane, the payee, being one of the makers, could not have maintained an action on the note, and that the plaintiff having taken the note after maturity, received it subject to this legal inability of the payee to sue upon it, and therefore could not maintain an action against himself.

This conclusion is founded upon an erroneous application of the principles governing the case :

*a.* It may be granted for the purpose of the argument, that Lane could not have maintained an action at law on the note, still it does not follow that an indorser could not.

The note is a promise by three persons acting as one body, to pay a sum certain to the order of one of their number. Such a case cannot be distinguished in principle from the case of a note made by a firm payable to its own order. In the latter instance, the firm as payees could not maintain an action, but an indorsee could. The plaintiff in this case is not in a worse position. The principle sought to be applied in both cases is, that partners cannot sue themselves.

*b.* The objection that the note was transferred after maturity is not available as a defence. The plaintiff's title is just as valid as if taken before maturity.

In *Smith* agt. *Lusher*, the plaintiff had notice of all the circumstances attending the making of the note, and was in no better position than he would have been had he taken the note after maturity ; but the supreme court held the plea of notice bad. (*Smith* agt. *Lusher*, 693–4.)

This point was decided in *Davis* agt. *Briggs*, 39 *Maine*, 304.

*c.* The fallacy of the argument of the respondents is in assuming that an indorsee is in the same condition as the payees. This arises from an attempt to apply to this case principles applicable solely to partners in partnership affairs.

The suit is on a note, which was a distinct, independent

transaction, and the statute and law merchant furnish the rules which govern it. Whatever might be the rights of the plaintiff as assignee of Lane's interest in a contract of the firm, he can, as the indorsee of a negotiable instrument, recover. (*Smith* agt. *Lusher*, 5 *Cow.*, 109.)

That an indorsee can recover on a note made by a firm to the order of one of its members, whether taken before or after maturity, has been decided in nearly every state since the case of *Smith* agt. *Lusher*. (*Hazlehurst* agt. *Pope*, 2 *Stewart & Port.*, 259 ; *Bonnaffu* agt. *Fanner*, 6 *Smedes & Marsh*, 212 ; *Davis* agt. *Briggs*, 39 *Maine*, 304 ; ——, 11 *Metcalf*, 398 ; *Temple* agt. *Seaver*, 11 *Cushing*, 314.)

This is so, whether the partnership accounts are settled or not. (*Davis* agt. *Briggs*.)

It is customary for firms to draw notes to their own order or one of the firm, and no one can doubt their validity in the hands of an indorsee.

*Second.* The other ground upon which this case was decided is, that the partnership affairs were unsettled, and that the plaintiff took the note subject to all equities between Lane and his co-partners. The above proposition assumes that the simple fact the partnership affairs were unsettled, to be an equity following the note into the plaintiff's possession constituting a defence. This we deny.

The unsettled state of the partnership affairs is not a defence. (*Davis* agt. *Briggs*, 39 *Maine*, 304 ; 11 *Met.*, 398.)

The note is a partnership transaction, made distinct from other firm transactions, by the giving of the note itself. (*Cases above cited* ; *also cases under sub. e.*)

*a.* It does not appear that the partnership assets are insufficient to pay the firm debts. Some of the firm claims are still unsettled and a few debts unpaid, amounting to about $60. These facts are found by the referee, (fol. 42.)

The presumption is, that there was sufficient property to pay the debts, unless the contrary is shown. (*Smith* agt. *Lusher*, 5 *Cowen*, 694.)

This is not therefore a case for contribution, as it does not appear that either partner has paid a debt of the firm with his individual funds.

The question of contribution cannot arise in regard to debts due by the firm to its members, as each then pays his individual share of the indebtedness.

It is very clear that upon the plaintiffs recovering a judgment on the note in suit, it would not necessarily follow that the question of contribution would arise.

It is immaterial whether there will be a necessity for contribution unless one of Lane's co-partners had a claim against him for contribution at the time this note was transferred—it is no defence.

The plaintiff took the note, subject only to such equities as there were at the time of its transfer. (*Elwell* agt. *Dodge*, 33 *Barb.* 336.)

*b.* There were no equities which attached to this note in the plaintiff's hands. The firm had not then dissolved. The partnership was in existence, and the ultimate possibility of its insolvent condition was not an equity.

Had the note been payable to the order of the firm, equities between themselves growing out of their partnership relations, could not have been a defence, nor is it in this case.

If the note took its negotiable character when delivered to this plaintiff, he is one of the original parties, and only such equities as may exist between the defendants and the plaintiff can be considered. (*Smith* agt. *Lusher*, 5 *Cow.* 693.)

2. If the note was invalid as a negotiable instrument, still the defendants were liable for the consideration of the note.

I. In an action on a note, the plaintiff may recover its consideration, although void upon equitable grounds, even if the suit is in form of an action at law. (*The Oneida Bank* agt. *The Ontario Bank*, 21 *N. Y.*, 490, 499.)

II. The transfer of the note to the plaintiff operated as an assignment to him of the indebtedness of the firm, which was the consideration of the note.

The plaintiff became the legal and equitable owner of the claim against the firm, and the defendants were equitably liable whatever the form of action. (*The Oneida Bank* agt. *The Ontario Bank*, 21 *N. Y.*, 490, 503.)

III. It must be conceded that Lane could have maintained a suit in equity. (*Smith* agt. *Lusher, supra.*)

The plaintiff has the same remedy. The note would be evidence of the firm indebtedness.

The case of *The Oneida Bank* agt. *The Ontario Bank,* (*supra*) goes the entire length of sustaining this action upon equitable grounds. It was claimed there that the drafts were void. In both cases the plaintiff was entitled to recover the consideration. The action was on the drafts. The court held the plaintiff entitled to recover.

IV. The evidence of the defendants established no defence, by way of set-off or counter-claim.

*First.* There could be no counter-claim in such a case. (*Cummings* agt. *Morris*, 3 *Bos.*)

*Second.* Nor could a set-off be allowed, as there was no proof that the firm was insolvent. (*Cummings* agt. *Morris, supra.*)

3. The evidence introduced for the purpose of showing an agreement to set off against the note moneys received by Lane from the firm, was erroneously admitted.

4. The judgment should be reversed and a new trial granted, with costs.

E. W. Dodge, *for defendants.*

The transfer of the promissory note of $2,000 to the plaintiff, by Lane, was made after maturity, and evidently with the intention of avoiding the off-set which existed in favor of Barton, France & Company. As a member of the

firm of Barton, France & Company, Lane could not sue himself, hence the expedient of a shift of the note to his brother-in-law, who, for his trouble, expected that Lane would allow him a "decent per centage out of the proceeds." (*Case, fol.* 24.)

The bill of exceptions, as made by the plaintiff, does not show the amount of Lane's indebtedness to the firm, although it appears that evidence upon that branch of the case was given. (*Case, fol.* 40.) Lane could not bring an action at law upon the promissory note, nor could he take any proceedings to enforce collection without submitting to an accounting with his partners. A transfer of the note after maturity would confer no higher right upon the plaintiff. And as between the plaintiff and Barton and France, there could be no accounting. No judgment for any balance due Barton and France, or either of them, could be rendered against the plaintiff, because he was not liable to contribution, nor against Lane, because he is merely a co-defendant in the action. Hence the rule is as stated by the referee, that no action can be maintained by the plaintiff under such circumstances. (*See Smith* agt. *Lusher*, 5 *Cow. Rep.*, 688; *Story on Partnership, page* 221.)

By the court, INGRAHAM, P. Justice. This action is brought upon a note made by a firm to one of its members, for money advanced by such partner to the firm. The note was indorsed by the payee to the plaintiff.

The referee held, that inasmuch as the payee being one of the partners, could not maintain an action against the firm, that therefore the holder could not recover when it was properly transferred by the payee, except in the case of a *bona fide* holder for value.

The referee also found that the plaintiff took the note after maturity.

It is settled that a partner, on such a note, cannot maintain an action against the firm.

And, it is equally well settled that the holder may maintain an action where such a note is transferred before maturity for value. (*Smith* agt. *Lusher*, 5 *Cowen*, 688.)

The only question in this case remaining, is whether the holder may not recover if the note is taken after maturity.

It must be remembered, that in this case, the defence is not to the consideration. The note was given for money actually advanced to the firm. Its validity is not questioned. In the hands of the partner, it was a valid security against the firm for the face of it, that could at any time have been enforced by the partner against the firm; and the only difficulty was as to the remedy to which the partner must resort for its collection. He could not maintain an action at law, because to do so he would have to sue himself with other partners, and would have to resort to a court of equity for relief. But still the demand would remain a valid claim on his part, subject only to be diminished by indebtedness on his part to the firm, if it should be found to exist.

In the case cited from 5 *Cowen*, it was shown that the holders of the note had knowledge and notice before taking it, that the payee from whom they received it was one of the firm. This destroyed the *bona fides* of their possession, so far as notice was necessary to do so. It might have been said that the knowledge of this fact should have put them on their guard, and they should not have taken such a note. But, the chancellor says, " as the facts so known did not invalidate the note against the partners, the knowledge of those facts cannot affect the claim of the plaintiffs." And COLDEN, senator, says (*p.* 711), " Such a note in the hands of one of the firm, the world has the right to regard as an evidence of a debt due from the firm to the partner to whom it is given." The indorsee is justified in taking the note, although he may know and see upon its face that his indorser is one of the firm, and when the

indorsee brings the action there are no technical obstacles to his recovery.

But the claim of the plaintiff is only in accordance with the contract. The firm promised to pay a sum of money received by them from their partner, to him, or to the person he might order to receive it. By the indorsement, he ordered the payment to be made to the plaintiff. So long as the defendants have no objection to the original consideration, and to the validity of the note, the transfer of it to the plaintiff made the firm liable to him for the amount of it.

It may have been subject to any off-set which the firm had, but no such defence was proved; and, in the absence of such proof, the defendants cannot avail themselves of the defence, that if this note had been the property of the payee his remedy was by another form of action.

The judgment must be reversed, and a new trial ordered; costs to abide the event.