Gale *v.* Miller.

———•-◦-•———

JACOB R. GALE *vs.* DANIEL MILLER, impleaded with Harold C. Gale.

G., a member of a copartnership firm, made a check in the name of the firm, payable to H. or bearer, for the purpose of paying an account due from the firm to H., but instead of delivering and using the check for that purpose, G. retained it in his possession, and paid H.'s account by an account for a smaller amount which he held, individually, against H. and by payment of the balance in cash. He subsequently transferred the check to the plaintiff to pay a debt which he owed him. *Held* that as the facts showed the check was drawn to pay a partnership debt, in good faith, and it had passed into the plaintiff's hand for a valuable consideration, an action would lie, upon it, against the firm.

THIS action was brought to recover the amount of a check made by the defendant Gale in the firm name of Miller & Gale, the defendants being at the time partners under that name. The check bore date on the 23d day of January, 1861, and the firm of Miller & Gale was dissolved on the 22d day of February, 1861. Miller alone interposed a defense. The cause was tried at the Columbia circuit, in April, 1862. Upon the trial it appeared that the firm of Miller & Gale owed one John N. Hover $156. That John N. Hover was indebted to the defendant Gale in the sum of $120. The defendant Gale drew a check for the sum of $156 due Hover, to which he signed the firm name of Miller & Gale, and which was payable to Hover or bearer. He then settled with

Hover by turning his individual account against Hover and paying him the balance in cash, retaining the check in his possession. It was never delivered to or seen by Hover, and on the last of January or the 1st day of February, 1861, the defendant Gale transferred the check to the plaintiff, in payment of an individual debt due from said H. C. Gale to the plaintiff.

At the close of the testimony the defendant moved for a nonsuit, which was granted, and the plaintiff excepted. Judgment was entered in favor of the defendant Miller for costs. A bill of exceptions was made and settled, and the plaintiff appealed to the general term.

*J. Gaul, Jun.* for the appellant.

*R. E. Andrews,* for the respondent.

*By the Court,* MILLER, J. This action is brought upon a check made by a member of a copartnership, in the firm name, and payable to a third party. It was made for the purpose of paying an account due from the firm to the party, but instead of being delivered and used for that purpose, the account was paid by the partner who drew the check, by an account which he held, individually, against the party, and by payment of the balance in cash. The check was retained, and subsequently transferred to the plaintiff, for a valuable consideration.

It was settled in the case of *Smith* v. *Lasher,* (5 *Cowen,* 688,) that a note made by one of several members of a firm to another partner, in the partnership name, without the knowledge or consent of another member of the same firm, for an alleged balance due from that firm to the payee, and transferred before maturity, was valid and effectual in the hands of an indorsee, and that an action could be maintained by him against the firm, upon the note.

In a subsequent case, *Sherwood* v. *Barton,* (23 *How. Pr.*

*Rep.* 533,) where the note was given by a partnership firm to one of its members, for money advanced by him to the firm, it was decided that the transfer of the note after maturity did not prevent a *bona fide* holder for value from recovering thereon against the firm.

If the check in question had been passed over to Hover, to whom it was payable, in payment of the debt due him from the firm of Miller & Gale, Hover's right of action upon the check would have been unquestionable. So in the hands of Gale, one of the partners, it would have been a valid claim against the firm, for the amount paid by him to Hover, which could be enforced in an action between him and his copartner, for an accounting as to the partnership transactions and an adjustment of the claims and demands of each of the partners.

It is claimed, however, that the check never having been negotiated with Hover, nor answered the particular purpose for which it was designed, no title passed. Instead of giving the check to Hover, Gale retained it for several days and passed it over to the plaintiff to pay a debt which he owed him.

The question then arises whether this was a mere payment by Gale of the firm debt out of his individual funds, which entitled him to charge the price for the money paid, to be adjusted upon a final settlement of the partnership accounts. It would not have been a payment if Gale had delivered the check to Hover. And it is quite clear, from the fact of Gale's drawing the check, that he did not intend it as such a payment. If he had so intended he would not have drawn the check, as it would have been an idle and a needless ceremony. He meant that the one should offset against the other—his own debt, and the money which he paid, against the check.

It is also claimed that Gale did not intend by the transaction to make an advancement by himself upon the partnership debt, which would be subject to all the equities that

Gale *v.* Miller.

might exist between the partners. If he did not, does it alter the case that he paid the debt by his account and his own money and passed the check over to a third party? I am inclined to think that it does not. I think that the principle that a partner can not bring an action against his copartner, or the firm, for advances made by him, has no application to a case like this, where it was plain that there was no intention to pay the debt out of his own private funds. The check in question was intended to draw money from the firm for the purpose of paying a debt which they owed. It was not then an advancement by one of the partners, but a payment by the firm of the debt, and although the check was temporarily held by Gale, I think he had a perfect right to transfer it. The fact that it was payable to Hover, and that Hover had no knowledge of it, makes no difference. If transferred to and held by the plaintiff in good faith, then it was valid in his hands, and the plaintiff can maintain this action. As the facts presented did not invalidate the check, knowledge of them by the plaintiff can not affect his claim. And although the check came from a member of the firm, the plaintiff had a right to regard it as given for a debt due the firm. (5 *Cowen*, 711.)

The check in suit, if fraudulently issued, may not have been available, yet as the facts show it was made to pay a company debt, in good faith, and it has passed into the plaintiff's hands for a valid consideration, I think the action can be sustained, and the judge erred in granting a nonsuit.

The judgment must be reversed and a new trial ordered; costs to abide the event.

[ALBANY GENERAL TERM, March 6, 1865. *Peckham, Miller* and *Ingalls*, Justices.]